Filed 12/9/20  P. v. Esparza CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C090492 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF187130) |
| v. | |
| TOMAS JUDEA ESPARZA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Tomas Judea Esparza filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## I.  BACKGROUND

On December 12, 2018, at 7:00 a.m., defendant's girlfriend, who lived with him, told a police officer she had a verbal argument with defendant that turned physical when he grabbed her by the throat and pushed her against a wall.  Defendant had physically harmed her before.  The officer observed marks on defendant's girlfriend's neck, which were later photographed and were consistent with strangulation.

The People subsequently charged defendant with:  (1) infliction of corporal injury on a person with whom he had a dating relationship (Pen. Code, § 273.5, subd. (a)),[1] with an enhancement for a prior conviction for infliction of corporal injury (§ 273.5, subd. (f)(1)); (2) assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)); (3) making criminal threats (§ 422); and (4) misdemeanor battery against a cohabitant (§ 243, subd. (e)(1)).  The People further alleged defendant served a prior prison term (§ 667.5, subd. (b)).

Defendant pled no contest to assault by means of force likely to cause great bodily injury, and the remaining charges were dismissed.  Defendant later made a *Marsden* motion, which was denied.[2]  Defendant then moved to withdraw his guilty plea, which the court granted and the charges were reinstated, and then he moved to dismiss the charges on grounds his speedy trial rights were violated, which was denied.  Defendant again pled no contest to assault by means of force likely to cause great bodily injury and the remaining charges were again dismissed.

At sentencing, the trial court denied probation and sentenced defendant to the middle term of three years in state prison.  The trial court awarded defendant credit for 564 days in custody, comprised of 282 actual days and 282 days of conduct credit, and

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  See *People v. Marsden* (1970) 2 Cal.3d. 118.

ordered him to pay various fines and fees. Defendant appealed without a certificate of probable cause.

## II. DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

## III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

BLEASE, Acting P. J.

/S/

KRAUSE, J.

3